(A. R. D. 89)

UNITED STATES *v.* LEADING FORWARDERS, INC., ET AL.

Entry No. 742274, etc.

Third Division, Appellate Term

(Decided June 24, 1958)

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellant.

*John D. Rode; Fred Bennett* (*John D. Rode* of counsel); for the appellees.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring

JOHNSON, Judge: This is an application for review of a decision and judgment of the trial court (Ford, J.), decided September 7, 1957, involving the proper dutiable value of woven silk piece goods imported from Japan during the years 1950 and 1951. *Leading Forwarders, Inc., et al.* v. *United States*, 39 Cust. Ct. 639, Reap. Dec. 8985.

The merchandise consists of so-called Kodan silks and was appraised at the unit invoice values, which ranged from 37½ cents per yard to 55 cents per yard. The importers claim higher dutiable values, ranging from 70 cents per yard to 97 cents per yard. This position has been taken by the importers because a lower rate of duty applies to silk

piece goods valued at more than $5.50 per pound than to such goods valued at $5.50 per pound or less. (Paragraph 1205, Tariff Act of 1930, and said paragraph as modified by the General Agreement on Tariffs and Trade, T. D. 51802.)

This case is a retrial of the issues involved in *S. Shamash & Sons, Inc. v. United States*, 30 Cust. Ct. 527, Reap. Dec. 8208, modified in *United States v. S. Shamash & Sons, Inc.*, 32 Cust. Ct. 665, A. R. D. 41, wherein we held that silk piece goods were not freely offered for sale to all purchasers in the ordinary course of trade by an official Government agency, the Textile Foreign Trade Association, or Kodan; and that sales by Kodan did not establish the value of the merchandise in accordance with section 402 of the Tariff Act of 1930, as amended, but that such or similar merchandise was freely offered to all purchasers in the ordinary course of trade by various firms in Japan for exportation to the United States and that their prices represented the export value, the foreign value being no higher.

In the instant case, counsel for the respective parties stipulated at the trial:

MR. RODE: * * *

* * * That if the court finds that Kodan silks were not freely offered for sale to all purchasers then the following correctly represents the dutiable value of the merchandise at bar:

On Reappraisement 203130-A, entry 742274, 78 cents net packed, that's per yard; Reappraisement 211598-A, entry 63001, 97 cents net packed; Reappraisement 207800-A, entry 821888, 71 cents net packed; Reappraisement 223438-A, entry 07213, 78 cents net packed; Reappraisement 223968-A, entry 07323, also 78 cents net packed; Reappraisement 223969-A, entry 07324, 70 cents net packed.

And I also offer to stipulate that the record in A. R. D. 41 may be incorporated into the record in this case.

MR. SPECTOR: No objection.

JUDGE FORD: So ordered.

The Government offered into evidence a report of Willard S. Kingsbury, Treasury representative, dated December 23, 1955 (defendant's exhibit A), and the plaintiffs offered in rebuttal the testimony of two witnesses and several documents. The trial court held that defendant's exhibit A added nothing to the Government's case that was not present in the former case; that Kodan goods were not freely offered for sale to all purchasers; and that the proper dutiable export values were the values set out in the stipulation, quoted above.

Although the Government has claimed in its brief and on oral argument that Kodan silks were of an inferior grade and had a different market value from that of other silk goods, in view of the stipulation agreed to at the trial, the only issue before us is whether or not Kodan silks were freely offered for sale to all purchasers.

According to evidence in the incorporated case, Kodan did not freely offer and sell its stocks to all purchasers in the ordinary course of trade, but sold at stated times and in limited quantities; such merchandise was offered only seven times in 1950; goods were offered on a contract or a sealed bid basis; applications to purchase had to be received at a certain time or place; the bidder had to pay in as a guarantee more than 10 per centum of his bid; the right to inspect the goods was conditional; announcements of sales were often canceled or withdrawn; Kodan rejected bids if the amount did not reach the value estimated by Kodan to be correct; purchasers did not know until days after the bids were made whether or not they had the goods; the quality of the merchandise was not guaranteed.

In the instant case, the Government relies upon the report of Treasury Representative Kingsbury (defendant's exhibit A), who interviewed the managers of several Japanese firms in November and December 1955. According to the report, three of them stated that Kodan goods were offered to the highest bidder and that sales were not restricted to Japanese nationals, although foreign buyers usually acted through Japanese agents because of the difficulty a foreign buyer would have in dealing with Kodan. All dealings with Kodan had to be done in Japanese, and numerous documents in the Japanese language were required to be furnished.

In rebuttal, Ira Jacobson, merchandise manager of the Cohn Hall Marx Division of United Merchants and Manufacturers, testified that he has been with the firm for 15 years and, in the course of his duties, has handled Japanese silk fabrics. He said that, in the ordinary course of trade, he goes to a manufacturer and tells him the quality and quantity of goods he wants and the time of delivery and asks the price. However, when he purchased from Kodan, he was first advised that there was an opportunity to purchase certain quantities and was asked to submit a bid. He could not purchase directly but had to bid through a Japanese buyer. He was told the amount of goods that was being offered and that it had to be taken at a certain time.

In view of the record in the incorporated case and the additional evidence presented herein, we are in accord with the decision of the trial judge that Kodan merchandise was not freely offered for sale to all purchasers in the ordinary course of trade within the meaning of section 402 of the Tariff Act of 1930. We hold, therefore, that the proper dutiable values of this merchandise are those set forth in the stipulation, quoted above.

We find as facts:

1. That the merchandise involved herein consists of so-called Kodan silk piece goods imported from Japan in 1950 and 1951.

2. That so-called Kodan silk goods (merchandise sold by an official Government agency, the Textile Foreign Trade Association or Kodan) were not freely offered for sale to all purchasers in the ordinary course of trade in Japan at or about the dates of exportation herein.

3. That on or about the respective dates of exportation similar goods were freely offered for sale to all purchasers in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, at the prices set forth in the stipulation of counsel as follows:

Reappraisement 203130–A_____78 cents per yard, net packed
            "       211598–A_____97 cents per yard, net packed
            "       207800–A_____71 cents per yard, net packed
            "       223438–A_____78 cents per yard, net packed
            "       223968–A_____78 cents per yard, net packed
            "       223969–A_____70 cents per yard, net packed

4. That the prices for home consumption in Japan were no different.

We conclude as matters of law:

1. That the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for determining the value of the within merchandise.

2. That such values are the values set forth in finding of fact No. 3, *supra*.

The decision and judgment of the court below are affirmed, and judgment will be rendered accordingly.

### CONCURRING OPINION

DONLON, Judge: I concur in the findings of fact and conclusions of law and decision. I wish, however, to state more particularly my reasons for finding an export value based on free offerings of *similar* goods within the conditions specified in section 402 (d) of the Tariff Act of 1930.

There are two issues before us. Appellees (plaintiffs below) base their case on claims, first, that there were not free offerings of *such* merchandise for export to the United States and, second, that there were free offerings of *similar* merchandise, within the definition of section 402 (d). Appellant (defendant below) resists both contentions.

I agree that the record before us supports appellees, both that there were not free offerings of *such* merchandise and that there were free offerings of *similar* merchandise. I have nothing to add to the excel-

lent résumé, in the principal opinion, of the facts and law bearing on the issue as to *such* merchandise.

As to *similar* merchandise, evidence introduced by appellant is that the merchandise before us, called Kodan silks, was uniquely inferior to other Japanese silks. Appellant argues, therefore, that Kodan silks were not similar, in the sense intended in section 402 (d), to silks that were otherwise similar and which were freely offered in Japan for export to the United States. It is the value of this other merchandise, which appellees claim to be *similar* merchandise, that the trial judge found as the value of the Kodan silks of these consolidated cases.

After appellant had introduced evidence as to dissimilarity, in the form of a Treasury agent report, appellees introduced, in rebuttal, evidence of similarity through the testimony of witnesses. There is, then, a conflict in the record before us as to the *similarity* of other Japanese silks to these Kodan silks, for purposes of section 402 (d). This conflicting evidence we are called upon to weigh.

The stipulation of the parties as to values is, to say the least, far from clear, except as to the figures which have been stipulated. The evidence introduced by both parties on the issue of similarity, and appellant's vigorous argument that there is not statutory similarity between Kodan silks and the other silks as to which values have been stipulated, negative the inference that the parties stipulated, or intended to stipulate, that there were free offerings of *similar* merchandise within the contemplation of section 402 (d). What appears to be stipulated, although it is not clear, is that the stipulated values are correct if we should find for appellees, on the record before us, that there were not free offerings of *such* merchandise and that there were free offerings of *similar* merchandise, within the meaning of section 402 (d).

Whether or not export value is the appropriate basis of appraisement, is an issue of law that may not be stipulated. It is for the court to decide. The parties may not stipulate a value, in figures, without evidence of record, by stipulation or otherwise, on which the court may find what the statutory basis of appraisement ought to be. The parties may stipulate facts from which a conclusion of law may be reached.

Here they have not stipulated facts as to offerings of *similar* merchandise. To the contrary, they have introduced contradictory evidence as to facts basic to a conclusion of law that the free offerings of *similar* merchandise should control the appraised values of this merchandise.

Appellant urges us to give no weight to such of the testimony adduced by appellees on the issue of similarity as relates to the condition of Kodan and other Japanese silks, as observed here by importers,

and also their testimony as to comparability of quality and uses of the two classes of merchandise.

I do not find this line of argument persuasive. Testimony that Japanese silk goods, known in the trade by two different names, have been found by witnesses experienced in the importation of silks from Japan to be capable of substitution, one for the other, and that they are used in the same way and for the same purposes and are not different in quality, makes at least a *prima facie* case for the similarity which section 402 (d) requires. Appellees' witnesses were convincing, both on direct and cross-examination.

On the other side, the report of the Treasury agent which appellant adduced as its case on the issue of similarity, recites certain conversations in Japan with various persons. None of these was before the court, and we have no opportunity of ascertaining how they might have answered such searching questions as were put to appellees' witnesses.

On the weight of evidence in the record before us, the judgment of the trial judge should be affirmed.